UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

APR 2 5 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CRAIG GUSTAFSON, | ) **4:19CR319 RWS/NAB** |
| Defendant. | ) ) ) |

**INDICTMENT**

The Grand Jury charges that:

**Introduction**

1. Beginning on or about 2004, Consumers Periodical Service of Missouri, Inc. (hereinafter "CPS"), was a magazine subscription business owned and operated by Defendant Craig Gustafson in St. Louis County, in the Eastern District of Missouri.

2. On or about 2008, Craig Gustafson, the defendant, incorporated CPS with the State of Missouri.

3. On or about 2009, CPS was administratively dissolved by the State of Missouri, but continued to operate as a business through on or about 2017.

4. From in or about 2013 to in or about 2017, CPS had two full-time employees—K.D.S. and K.N.S.—in addition to the defendant. The defendant withheld taxes from both employees' wages for their entire time period of employment.

5. Each year, the defendant provided K.D.S. and K.N.S. with W-2 forms reflecting their annual gross and net salaries, in addition to the taxes he withheld. However, the defendant did not file quarterly Forms 941 to report those taxes, nor did he pay the taxes he withheld from

the employees to the IRS.

6. At all times relevant to this Indictment, CPS was solely operated and controlled by Defendant Gustafson. He exercised total financial control over CPS's business affairs, including approving all payments by the company and controlling the bank account he used for CPS.

## Employment Tax Withholding

7. Employers are required to withhold employment taxes from their employees' paychecks and make payment to the Department of Treasury through the Internal Revenue Service (hereinafter "IRS"). Employment taxes include Federal Income tax withholding, Social Security, and Medicare taxes. Employers withhold 7.65 percent of an employee's wages in order to pay the employee portion of Social Security and Medicare taxes.

8. Employment taxes are also referred to as "trust fund taxes" because they are withheld by an employer and held in trust until paid to the Department of Treasury through the IRS. Through this withholding, employees pay their contributions toward retirement benefits (Social Security and Medicare) and the income taxes reported on their tax returns. Employers are also required to pay, in addition to the trust fund taxes withheld from employees' pay, another 7.65 percent in Social Security and Medicare taxes that constitute the employer portion of employment taxes.

9. Employers who withhold income taxes, Social Security tax or Medicare tax from employees' paychecks or who must pay the employer's portion of Social Security or Medicare tax must file quarterly employment tax returns—Forms 941. Each Form 941 is due by the end of the month following the end of each calendar quarter.

10. At all times relevant to this Indictment, Defendant Gustafson withheld employment taxes from his employees' wages.

11. At all times relevant to this Indictment, Defendant Gustafson made none of the required payments to the IRS. In total, during the twenty calendar quarters alleged in Counts I through XX of this Indictment, Defendant Gustafson failed to account for and pay approximately $36,737.00 in employee taxes due to the IRS.

### Failure to File Individual Tax Returns

12. At the same time Defendant Gustafson was failing to meet CPS's employment tax obligations, he failed to file any Forms 1040, Individual Income Tax returns, for himself. From in or about 2013 to in or about 2016, Defendant Gustafson earned at least $670,400 from CPS and failed to file any Forms 1040 reporting that income.

### COUNTS I-XX
### WILLFUL FAILURE TO COLLECT OR PAY OVER TAX: 26 U.S.C. § 7202

13. Paragraphs 1-12 are realleged and incorporated by reference as if fully set forth herein.

14. Beginning in or about January 2013, and continuing up to and including in or about December 2017, in the Eastern District of Missouri, the defendant,

**CRAIG GUSTAFSON**

did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the Federal income taxes withheld and Social Security and Medicare tax due and owing to the United States on behalf of CPS and its employees, for each of the following quarters, with each calendar quarter constituting a separate count of this Indictment:

| Count | Tax Period | Total |
|---|---|---|
| Count I | 1st Quarter 2013 | $1,514 |
| Count II | 2nd Quarter 2013 | $1,514 |
| Count III | 3rd Quarter 2013 | $1,514 |
| Count IV | 4th Quarter 2013 | $1,514 |
| Count V | 1st Quarter 2014 | $1,892 |
| Count VI | 2nd Quarter 2014 | $1,892 |
| Count VII | 3rd Quarter 2014 | $1,892 |
| Count VIII | 4th Quarter 2014 | $1,892 |
| Count IX | 1st Quarter 2015 | $1,936 |
| Count X | 2nd Quarter 2015 | $1,936 |
| Count XI | 3rd Quarter 2015 | $1,936 |
| Count XII | 4th Quarter 2015 | $1,936 |
| Count XIII | 1st Quarter 2016 | $1,908 |
| Count XIV | 2nd Quarter 2016 | $1,908 |
| Count XV | 3rd Quarter 2016 | $1,908 |
| Count XVI | 4th Quarter 2016 | $1,908 |
| Count XVII | 1st Quarter 2017 | $1,936 |
| Count XVIII | 2nd Quarter 2017 | $1,936 |
| Count XIX | 3rd Quarter 2017 | $1,936 |
| Count XX | 4th Quarter 2017 | $1,936 |
| | **TOTAL FORM 941** | **$36,737** |

Each of these counts is a separate violation of Title 26, United States Code, Section 7202.

## COUNTS XXI-XXIV
## WILLFUL FAILURE TO FILE RETURN OR PAY TAX: 26 U.S.C. § 7203

15. Paragraphs 1-12 are realleged and incorporated by reference as if fully set forth herein.

16. During the calendar years of 2013, 2014, 2015, and 2016, Defendant Gustafson received a total gross income of at least $670,400. By reason of such gross income, the defendant was required by law, following the close of each calendar year, and on or before April 15 of each year, to make an income tax return to the Internal Revenue Service Center in St. Louis, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service, or to another Internal Revenue Service Office permitted by the Commission of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled.

17. Well knowing and believing the truth of the allegations in paragraph 16 herein, the defendant,

### CRAIG GUSTAFSON

did willfully fail to make an income tax return in the Eastern District of Missouri and elsewhere, for each of the following years, with each calendar year constituting a separate count of this Indictment:

| Count | Tax Period | Total Tax Due and Owing |
|---|---|---|
| Count XXI | 2013 | $21,011 |
| Count XXII | 2014 | $18,351 |
| Count XXIII | 2015 | $27,292 |
| Count XXIV | 2016 | $26,593 |

Each of these counts is a separate violation of Title 26, United States Code, Section 7203.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
LINDSAY L. MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney